**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4107**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

APRIL LYNN LOCKLEAR,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Dever, III,
Chief District Judge.  (7:15-cr-00033-D-1)

Submitted:  September 29, 2016          Decided:  October 3, 2016

Before SHEDD, KEENAN, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.   Jennifer P. May-Parker, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

April Lynn Locklear pled guilty, pursuant to a plea agreement, to conspiracy to make false bank entries, in violation of 18 U.S.C. §§ 371, 1005 (2012), and the district court imposed a downward variant sentence of 24 months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred in applying a sentencing enhancement for obstruction of justice. Locklear was informed of her right to file a pro se informal brief, but chose not to do so. The Government moves to dismiss the appeal pursuant to the appeal waiver provision in Locklear's plea agreement. For the reasons that follow, we grant the motion and dismiss the appeal.

"We review the validity of an appeal waiver de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks omitted). "The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances . . . , including the background, experience, and conduct of the

2

accused." Id. (internal quotation marks omitted). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [plea] colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Copeland, 707 F.3d at 528 (internal quotation marks omitted).

The language of the appeal waiver in Locklear's plea agreement is clear and unambiguous, and the record reveals that Locklear understood the full significance of the waiver. The court also confirmed that Locklear was competent to plead guilty and was entering her plea in the absence of threats, force, or promises outside of those contained in the plea agreement. Accordingly, we conclude that Locklear's appeal waiver is valid and enforceable.

We also conclude that Locklear's challenge to the obstruction of justice enhancement falls squarely within the scope of the waiver. We have thoroughly reviewed the record in accordance with Anders and have identified no potentially meritorious issues that fall outside the scope of the appeal waiver. We therefore grant the Government's motion and dismiss Locklear's appeal. This court requires that counsel inform Locklear, in writing, of her right to petition the Supreme Court of the United States for further review. If Locklear requests that a petition be filed, but counsel believes that such a

3

petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Locklear. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>